IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | CIVIL ACTION NO. |
| Plaintiff, ) ) ) | |
| v. ) ) ) | |
| THE HEALTH MANAGEMENT GROUP, INC., ) ) ) | **COMPLAINT AND JURY TRIAL DEMAND** |
| DIET CENTER WORLDWIDE, INC., and ) ) ) | |
| PHYSICIANS WEIGHT LOSS CENTERS OF AMERICA, INC., ) ) ) ) | |
| Defendants. ) | |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to provide appropriate relief due to employees as a result of such unlawful practices.

As described in more detail in the Statement of Claims below, the Commission alleges the integrated business enterprise of The Health Management Group, Inc., Diet Center Worldwide, Inc. and Physicians Weight Loss Centers of America, Inc. paid female employees Krishna McCollins and Donna Davidson at wage rates which are less than the rates paid to a male employee performing substantially equal work, and otherwise discriminated against female

1

employees because of their sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963 as codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f) (1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII and is expressly authorized to bring this action by Sections 16(c) and Section 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217 as amended by Section 1 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Section 706(f) (1) and (3) of Title VII 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant The Health Management Group, Inc. ("Health Management") has continuously been an Ohio corporation doing business in the State of Ohio, and the City of Akron, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Diet Center Worldwide, Inc. has continuously been an Ohio corporation doing business in the State of Ohio, and the City of Akron, and with Health Management has continuously constituted an integrated enterprise which had at least 15 employees.

6. At all relevant times, Defendant Physicians Weight Loss Centers of America, Inc. has continuously been an Ohio corporation doing business in the State of Ohio, and the City of Akron, and with Health Management has continuously constituted an integrated enterprise which had at least 15 employees.

7. At all relevant times, Defendants described in paragraphs 4 through 6 above have operated as an integrated enterprise and have continuously been a single employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

6. At all relevant times, Defendants, as an integrated enterprise, have acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

7. At all relevant times, Defendants, as an integrated enterprise, have continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Section 3(b), (i) and (j) of the FLSA, 29 U.S.C. § 203 (b), (i) and (j) have continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00.

## STATEMENT OF TITLE VII CLAIMS

8. More than thirty days prior to institution of this lawsuit, Krishna McCollins filed a charge with the Commission alleging violations of Title VII and the Equal Pay Act by Defendant Health Management Group, Inc. All conditions precedent to the institution of this suit has been fulfilled.

9. Since at least April 23, 2007, Defendants, as an integrated enterprise, have engaged in unlawful employment practices at their Akron, Ohio facility in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

   (a) Krishna McCollins began working for Defendants in May, 1997. Ms McCollins was promoted to the position of Director of Franchise Development in November, 2002.

   (b) On or about April 23, 2007, Defendants hired Brett Smiley in the position of Director of Franchise development for the Distinctly for Physicians program.

   (c) Soon after Mr. Smiley was hired, Krishna McCollins discovered that her wages and compensation (and the wage and compensation of Donna Davidson, a similarly situated female employee) were substantially lower than the wages and compensation Defendant paid to Brett Smiley notwithstanding the fact that all three employees performed substantially equal work, on jobs the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions and in the same establishment.

   (d) As a result of the acts complained of above, Defendants have unlawfully withheld, and are continuing to withhold, payment of wages to Krishna McCollins and Donna Davidson on the basis of sex, female.

10. The effect of the practice(s) complained of in paragraph 9, above, has been to deprive Krishna McCollins and Donna Davidson of equal employment opportunities and to otherwise adversely affect their status as employees due to impermissible considerations of sex, female.

11. The unlawful practices complained of above were willful and intentional.

12. The unlawful employment practices complained of above were undertaken with malice and/or reckless indifference to the federally protected rights of Krishna McCollins and Donna Davidson.

## STATEMENT OF EQUAL PAY ACT CLAIMS

13. Since at least on or about April 23, 2007, Defendants, as an integrated enterprise, violated Sections 6(d)(1) and 15(a) (2) of the FLSA, 29 U.S.C. §§ 206 (d)(1) and 215 (a)(2), by paying wages to Krishna McCollins and Donna Davidson at rates less than the rates paid to a male employee.

   (a) Krishna McCollins began working for Defendants in May, 1997. Ms McCollins was promoted to the position of Director of Franchise Development in November 2002.

   (b) On or about April 23, 2007, Defendants hired Brett Smiley in the position of Director of Franchise development for the Distinctly for Physicians program.

   (c) Soon after Mr. Smiley was hired, Krishna McCollins discovered that her wages and compensation (and the wage and compensation of Donna Davidson, a similarly situated female employee) were substantially lower than the wages and compensation Defendants paid to Brett Smiley notwithstanding the fact that all three employees performed substantially equal work, on jobs the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions and in the same establishment.

   (d) As a result of the acts complained of above, Defendants have unlawfully withheld, and are continuing to withhold, payment of wages to Krishna McCollins and Donna Davidson on the basis of sex, female.

14. As a result of the acts complained of above, Defendants have unlawfully withheld and are continuing to withhold the payment of wages due to Krishna McCollins and Donna

Davidson.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from discriminating against individuals by the implementation of practices and policies which discriminate on the basis of sex.

B.  Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from discriminating within any of their establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates paid to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions.

C.  Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for persons regardless of sex and which eradicate the effects of their past and present unlawful employment practices.

D.  Order Defendants to make whole Krishna McCollins and Donna Davidson, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

E.  Order Defendants to make whole Krishna McCollins and Donna Davidson by providing affirmative relief necessary to eradicate the effects of their unlawful employment

practices, including but not limited to, backpay and front pay in amounts to be proven at trial.

    F.    Order Defendants to make whole Krishna McCollins and Donna Davidson, by providing compensation for past and future pecuniary losses, in amounts to be proven at trial.

    G.    Order Defendants to make whole Krishna McCollins and Donna Davidson by providing compensation for non-pecuniary losses in amounts to be proven at trial.

    H.    Grant an Order assessing punitive damages against Defendants for their malicious and reckless conduct described herein above in amounts to be determined at trial.

    I.    Grant a judgment requiring Defendants to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to employees and/or former employees whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Krishna McCollins, Donna Davidson, and other similarly situated female employees.

    J.    Grant such further relief as the Court deems necessary and proper in the public interest.

    K.    Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
DEPUTY GENERAL COUNSEL
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
Washington, D.C.

_____ (JAB)
DEBRA LAWRENCE
Acting Regional Attorney
Baltimore, Maryland

_____
JUDITH A. O'BOYLE
Supervisory Trial Attorney
Philadelphia District Office

_____
Solvita A. McMillan
Senior Trial Attorney
Registration No. 0040011
solvita.mcmillan@eeoc.gov

EEOC Cleveland Field Office
Anthony J. Celebrezze Office Building
1240 East Ninth Street   Suite 3001
Cleveland, Ohio  44199
(216) 522-7676
(216) 522-7430 fax