DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) CASE NO. 5:09-CV-1762 |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE HEALTH MANAGEMENT GROUP, *et al.*, | ) **MEMORANDUM OPINION** ) ) |
| Defendants. | ) |

On July 29, 2009, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed its Complaint against Defendants Health Management Group, Inc., Diet Center Worldwide, Inc., and Physicians Weight Loss Centers of America, Inc. (collectively, "Defendants") asserting an Equal Pay Act ("EPA") claim and a Title VII gender discrimination claim. ECF No. 1. On April 15, 2010, the Court granted permission for Krishna McCollins to intervene as a party. ECF No. 24. McCollins' Intervenor Complaint seeks damages pursuant to the claims set forth in the EEOC's Complaint. ECF No. 25. On October 29, 2010, Defendants moved for summary judgment as to Plaintiff's EPA claim and Title VII claim. ECF No. 53. On November 30, 2010, Plaintiff filed a memorandum in opposition to Defendants' motion for summary judgment. ECF No. 58. On December 10, 2010, Defendant filed a reply to Plaintiff's memorandum in opposition to Defendants' motion for summary judgment. ECF No. 59.

For the reasons that follow, Defendants' motion for summary judgment is denied. Specifically, the Court finds that Plaintiff has established a *prima facie* case on its EPA claim.

(5:09-CV-1762)

Given that, the burden shifts to Defendants to assert and clearly establish one of four enumerated affirmative defenses in order to prevail on summary judgment. Defendants assert only one of the four affirmative defenses and the Court finds that a genuine dispute of material fact exists concerning this defense. Accordingly, Defendants' motion for summary judgment is denied as to the EPA claim. Defendants' motion for summary judgment on the Title VII claim fails for the same reasons.

## I. Relevant Background

Charles Sekeres is the president of Defendant Health Management Group. Defendants Diet Center Worldwide, Inc. and Physicians Weight Loss Centers of America, Inc. are owned by Defendant Health Management Group. Physicians Weight Loss Centers of America hired Plaintiff McCollins in May 1997 and promoted McCollins to Director of Franchise Development in November 2002. As Director of Franchise Development, McCollins sold franchises for which she received a base salary plus commissions based on the franchises sold for Defendants.

In the instant case, McCollins filed claims with the Equal Employment Opportunity Commission alleging, *inter alia*, an equal pay violation. McCollins claims that Defendants paid Bret Smiley, who also worked for Defendants, more than her for similar work. The parties have fully briefed the issues and presented their respective positions at oral argument.

## II. Standards of Law

### A. Summary Judgment Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When

(5:09-CV-1762)

considering a motion for summary judgment, "the inferences to be drawn from the underlying facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions] must be viewed in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, the adverse party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Rule 56 requires the nonmoving party who has the burden of proof at trial to oppose a proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). General averments or conclusory allegations of an affidavit do not create specific fact disputes for summary judgment purposes. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990). Nor may a party "create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts . . . earlier deposition testimony." *Reid v. Sears Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) (*citing Biechell v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984)); *but see Baer v. Chase*, 392 F.3d 609, 623-26 (3d Cir. 2004) (noting that a so-called "sham" affidavit need not be disregarded if there is "independent evidence in the record to bolster [the] otherwise questionable affidavit"). Further, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (*quoting Anderson v. Liberty Lobby*, 477 U.S. at 252).

(5:09-CV-1762)

In sum, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. at 250. Put another way, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52; *see also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

### B. Standard of Law for an Equal Pay Act Claim

The Equal Pay Act prohibits a covered employer from:

> paying wages to employees in [a particular] establishment at a rate less then the rate at which [it] pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex . . . .

29 U.S.C. § 206(d)(1).  29 U.S.C. § 216(b) created a private right of action for violations of the Act.

To establish a *prima facie* case under the Equal Pay Act, a plaintiff must show that the defendant paid higher wages to employees of the opposite sex for substantially equal work. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974); *Buntin v. Breathitt Cnty. Bd. of Educ.*, 134 F.3d 796, 799 (6th Cir. 1998).  If the plaintiff

(5:09-CV-1762)

succeeds in establishing a *prima facie* case, the defendant must show that the difference in pay is justified under one of four affirmative defenses set forth in the Act. *See Corning Glass Works*, 417 U.S. at 196-97, 94 S.Ct. at 2229; *Buntin*, 134 F.3d at 799. The defendant will be entitled to judgment as a matter of law if it establishes a defense "so clearly that no rational jury could [find] to the contrary." *Buntin*, 134 F.3d at 800 (internal quotation marks omitted); *see Kovacevich v. Kent State Univ.*, 224 F.3d 806, 827 (6th Cir. 2000) ("There must be no genuine issue as to whether the difference in pay is due to a factor other than sex."). The defendant's burden of establishing these defenses "is a heavy one." *Kovacevich*, 224 F.3d at 826-27.

### III. Analysis

The following table presents the base salary and commission rate/schedule for the two female employees (McCollins and Davidson) and the male employee (Smiley, the comparator).

|  | **McCollins** | **Davidson** | **Smiley** |
| --- | --- | --- | --- |
| **Base Salary** | $53,000 | $51,000 | $62,500 |
| **Commission** | Tier Schedule<br>7% on first 10 sales<br>10% on 11-20 sales<br>12% on 21+ sales | 2003-07<br>10% per sale<br>January 2007<br>Same tier schedule as McCollins | 04/2007 - 03/2008<br>$2,500 per sale<br>(approx. 12.5% per sale)<br>No Tier Schedule |

#### A. The EEOC Establishes a *Prima Facie* Case

To establish a *prima facie* case under the Equal Pay Act, a plaintiff must show: (1) that the defendant paid women at a rate less than the rate at which it paid men and (2) for substantially equal work. 29 U.S.C. § 206(d)(1); *Corning Glass Works*, 417 U.S. at 195, 94 S.Ct. at 2228; *Buntin*, 134 F.3d at 799.

(5:09-CV-1762)

### 1.  McCollins' and Davidson's base salary and "rate" of Commissions are lower

Defendants' primary argument is that McCollins and Davidson both made more in total compensation than the comparator, Smiley.  In most situations, this fact would defeat an EPA claim, but not here.  To properly compare the pay rates in the instant case, the Court must measure the amount of pay against a common denominator.  *Bence v. Detroit Health Corp.*, 712 F.2d 1024, 1027 (6th Cir. 1983).  In this case, base salary and commission rate are the proper figures to compare, not the total amount of compensation.  Evaluating the employers' compensation on a "base salary" AND "per sale" basis "makes it apparent that [the employer] paid female [Directors] at a lower rate than their male counterpart[].  This is precisely what the Equal Pay Act forbids."  *Bence*, 712 F.2d at 1028; *see EEOC v. Kettler Bros. Inc.*, 846 F.2d 70, 1988 WL 41053 at *3 (4th Cir. 1988) (relying on *Bence*) (unpublished); *Ebbert v. Nassau Cnty.*, 2009 WL 935812 at *3 (E.D. N.Y. 2009) ("As a matter of common sense, total remuneration cannot be the proper point of comparison.  If it were, an employer who pays a woman $10 per hour and a man $20 per hour would not violate the EPA . . . as long as the woman negated the obvious disparity by working twice as many hours.  [] Congress . . . could [not] have intended such an absurd result.").

Viewing the chart above, the base salary and commission rate clearly establish the first prong of a *prima facie* case.  First, the base salary of the two female employees ($53,000 and $51,000) was less than the base salary of the male employee ($62,500).  Second, the commission rate for the two female employees was lower than the commission rate of the male employee.  Accordingly, the EEOC has established the first prong of an EPA *prima facie* case.


(5:09-CV-1762)

### 2. McCollins and Davidson performed Substantially Equal Work as Smiley

The Sixth Circuit teaches as follows:

> "Equal work does not require that the jobs be identical, but only that there exist substantial equality of skill, effort, responsibility, and working conditions." *Buntin*, 134 F.3d at 799 (internal quotation marks omitted). Substantial equality must be determined through "an overall comparison of the work, not its individual segments." *Id.* (internal quotation marks omitted).

*Ambrose v. Summit Polymers, Inc.*, 172 Fed.Appx 103, 105, 2006 WL 797939 (6th Cir. 2006) (unpublished).

Defendants submit that Smiley's job was more difficult because of certain nuances between Smiley's job and McCollins' job. This argument is not well taken. The job of all three individuals was selling Defendants' product, *i.e.*, franchises/distributorships. Defendants' attempt to differentiate the skill or effort Smiley used in his job because of his "new territory" or "new product" or "physician only" prospects is an attempt to compare "individual segments" of the work rather than an "overall comparison" of the work. To be considered equal work, the jobs do not need to be identical.

Here, each Director's job was to sell the company's product. For all intents and purposes, the product was the same. The skills required are the same, general sales skills. The effort required is the same. The responsibilities are the same: make sales quotas, maintain sales documentation, maintain good customer relations, and service and generate marketing analysis reports. Claiming a territory or type of client caused Smiley's job to be more difficult is merely an excuse for his lack of sales or ability, not evidence of work inequality for an EPA claim. Overall, each Director had to market and sell a substantially similar product and dealt with

(5:09-CV-1762)

substantially similar (if not the same) clientele thereby establishing the existence of a "substantial equality of skill, effort, responsibility, and working conditions." *Buntin*, 134 F.3d at 799 (quoting *Odomes v. Nucare, Inc.*, 653 F.2d 246, 250 (6th Cir. 1981). "In comparing jobs under the Act (at least for purposes of establishing a *prima facie* case) it must be emphasized that the *jobs* and not the *employees* are compared. Thus, 'only the skills actually required by [the comparable] jobs, not the abilities of the persons currently in those position are relevant [and] it is the job as a whole, not just selected aspects of it that must form the basis for comparison.'" *EEOC v. The City Council of the City of Cleveland*, 875 F.2d 863, 1989 WL 54252 (6th Cir. 1989) (unpublished) (quoting *Goodrich v. Int'l Bhd. Of Elec. Workers, AFL-CIO*, 815 F.2d 1519, 1524 (D.C. Cir. 1987).

The Court finds that McCollins' and Davidson's work was "equal" to the work of Smiley. The EEOC has established the second and final prong of an EPA *prima facie* case. Accordingly, Defendants are entitled to summary judgment only if they have so clearly established a statutory defense that there is no genuine issue as to whether McCollins' and Davidson's lower pay rates were based, in whole or in part, on their sex. *See Balmer v. HCA, Inc.*, 423 F.3d 606, 612 (6th Cir. 2005).

### B. Defendants have not Clearly Established a Statutory Defense

Sexually discriminatory compensation does not violate § 206(d)(1) if "payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex [.]" Moreover, "[a]n employer cannot avail itself of any of the exceptions to § 206(d)(1) unless it

-8-

(5:09-CV-1762)

proves that "the factor of sex provides no part of the basis for the wage differential." *Bence*, 712 F.2d at 1029 (citations omitted). Here, Defendants submit only the broad general affirmative defense found at § 206(d)(1)(iv): a differential based on any other factor other than sex.

To substantiate the difference in base salaries, Defendants place the most weight on Smiley's negotiation of his salary. While this is a viable defense, the facts surrounding the negotiation are disputed, thereby questioning whether "no rational jury could [find] to the contrary." *Buntin*, 134 F.3d at 800. Defendants claim that Smiley's previous experience selling to physicians as a pharmaceutical sales representative allowed Smiley to negotiate a higher salary. ECF No. 53-1 at 13. Plaintiff contends that Sekeres had no knowledge regarding whether Smiley had relevant experience working with physicians. ECF No. 53-1 at 47.

The other reasons given by defendant are either irrelevant or are misplaced as they are arguments that go against the establishment of a *prima facie* case, rather than arguments supporting an affirmative defense to an already established *prima facie* case.

Given the genuine dispute of material facts concerning Defendants' affirmative defense, summary judgment in favor of Defendants is inappropriate and the EEOC's EPA claim warrants a trial at which credibility can be assessed.

### C. **Defendant is not Entitled to Summary Judgment on the Title VII Claim**

For the same reasons the EEOC has established a *prima facie* claim under the EPA and given the genuine disputes of material facts concerning Defendants' affirmative defenses on that claim, Sixth Circuit law supports that the EEOC's Title VII claim also warrants a trial at which credibility can be assessed.

(5:09-CV-1762)

## IV. Conclusion

Defendants' motion for summary judgment (ECF No. 53) is DENIED. Defendants are denied summary judgment on Plaintiff's EPA claim and Title VII gender discrimination claim.

Accordingly, this case shall proceed to trial on Plaintiff's EPA claim and Title VII gender discrimination claim. The court will establish a trial date in a subsequent order.

IT IS SO ORDERED.

  September 14, 2011                                                  *s/ David D. Dowd, Jr.*
Date                                                                     David D. Dowd, Jr.
                                                                                   U.S. District Judge